UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAWN DIARRA McSWAIN,

    Plaintiff,

v.

    Case No. 22-cv-10755
    Hon. Matthew F. Leitman

BRIAN R. GAGNIUK,

    Defendant.
_____/

**ORDER SUMMARILY DISMISSING
PLAINTIFF'S AMENDED COMPLAINT (ECF No. 8)**

Plaintiff Shawn Diarra McSwain is a Michigan inmate presently incarcerated at the Macomb Correctional Facility. On March 30, 2022, McSwain filed a *pro se* Complaint against his former criminal defense lawyer, Brian R. Gagniuk, pursuant to 42 U.S.C. § 1983. (*See* Compl., ECF No. 1; Am. Compl., ECF No. 8.) For the reasons explained below, McSwain's Amended Complaint is **DISMISSED WITHOUT PREJUDICE**.

**I**

McSwain is currently serving a lengthy prison term following his 2012 convictions of three counts of first-degree criminal sexual conduct and one count of kidnapping in the Wayne County Circuit Court. McSwain's criminal defense lawyer

in that case was Gagniuk. In McSwain's Amended Complaint, he alleges as follows:

> Attorney Brain Gagniuk was ineffective assistance of counsel when he fired investigator Joseph Bruce and refused to question prosecutor's witness Malik Thomas, state police, cross examine victim, question state police and SANE examiner Julie Goddard Lyons, unlawful imprisonment, false testimony. Gagniuk lied to the Judge and said I was in prison for armed robbery, and I never was.

(Am. Compl., ECF No. 8, PageID.60, 62.)

McSwain seeks $500,000 in damages, his release from custody, a new trial, and attorney fees. (*See id.*, PageID.63.)

## II

On June 7, 2022, the Court granted McSwain's application to proceed *in forma pauperis*, and he is therefore proceeding without prepaying the filing fee in this action under 28 U.S.C. § 1915(a)(1). (*See* Order, ECF No. 10.) Such complaints filed by *pro se* prisoners are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *See Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). More specifically, Section 1915(e)(2) requires district courts to screen and dismiss complaints that (i) assert frivolous or malicious claims, (ii) fail to state a claim upon which relief may be granted, and/or (iii) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A

complaint is frivolous and is subject to *sua sponte* dismissal under Section 1915(e) if it lacks an arguable basis in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In addition, while the Court must liberally construe documents filed by a *pro se* plaintiff, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), a *pro se* complaint must still plead sufficient specific factual allegations, and not just legal conclusions, in support of each claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–679 (2009); *see also Hill v. Lappin*, 630 F.3d 468, 470–471 (6th Cir. 2010) (holding that the dismissal standard of *Iqbal* applies to a Court's review of a complaint under Section 1915(e)(2)(B) for failure to state a claim). The Court will therefore dismiss a complaint that does not state a "plausible claim for relief." *Iqbal*, 556 U.S. at 679.

To establish a *prima facie* case under 42 U.S.C. § 1983, a civil-rights plaintiff must show that: (1) the defendant acted under color of state law, and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *See Bloch v. Ribar*, 156 F. 3d 673, 677 (6th Cir. 1998). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

### III

McSwain's Amended Complaint is subject to summary dismissal for at least two reasons. First, McSwain's request to be released from prison is not an available remedy in a Section 1983 action. Where "a state prisoner is challenging the very fact

or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Accordingly, a state inmate may not obtain injunctive relief under Section 1983 as a remedy for "the fact of his conviction or the duration of his sentence." *Id*. McSwain's Section 1983 claim therefore fails as a matter of law to the extent that he seeks an order requiring the State to release him from custody.

Second, the only named defendant – Gagniuk – cannot be held liable under Section 1983 because he did not act under the color of state law. The relevant part of Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress [….]

42 U.S.C. § 1983. As explained above, Gagniuk was McSwain's criminal defense lawyer. Even if Gagniuk was appointed by the state court, the Supreme Court has held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 318-19 (1981). Thus, because Gagniuk did

4

not act under the color state law, he cannot be held liable under Section 1983. McSwain's claims against Gagniuk therefore must be dismissed.

## IV

For the reasons stated above, the Court concludes that McSwain's Amended Complaint fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983. Accordingly, the Court **DISMISSES** the Amended Complaint **WITHOUT PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). The Court further certifies that an appeal from this decision cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED**.

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated: June 13, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 13, 2022, by electronic means and/or ordinary mail.

s/Holly A. Ryan  
Case Manager  
(313) 234-5126